# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                              **Case No. 92-CR-106**

**ERNEST COWAN**
    **Defendant.**

## ORDER

On May 9, 2007, I revoked defendant Ernest Cowan's supervised release and sentenced him to 6 months in prison. I also ordered him to pay the balance of the restitution – $6777.76 – and serve an additional 54 months of supervised release with a drug testing and treatment condition. While imprisoned, I ordered defendant to participate in the Inmate Financial Responsibility Program and devote 50% of any prison wages he earned towards the restitution. On release, I ordered him to make restitution payments at a rate of not less than $50 per month.

Defendant has now filed a "motion for reconsideration." He indicates that he could not consistently pay the restitution while serving the original prison sentence because his prison income was inadequate. He further indicates that he is now being released by the Bureau of Prisons from the revocation sentence without a job or family support, but with the burden of making restitution and paying for the drug testing program. He also indicates that he has a four year old son to support. He asks me to reconsider the restitution order and payment of the drug program.

Courts generally lack jurisdiction to reconsider sentences months after their imposition.

See Romandine v. United States, 206 F.3d 731, 735 (7th Cir. 2000) (stating that district courts' ability to reduce sentences is strictly limited by Fed. R. Crim. P. 35). Defendant may be asking me to modify his restitution payment schedule under 18 U.S.C. § 3664(k) or modify his conditions of supervised release under 18 U.S.C. § 3583(e).[1] Under § 3664(k), the court may alter the restitution payment schedule upon notification of a material change in the defendant's ability to pay. Under § 3583(e), the court may modify the defendant's conditions of supervised release consistent with Fed. R. Crim. P. 32.1(c) and 18 U.S.C. § 3583(d). However, defendant provides insufficient information on his financial situation for me to determine whether the restitution payment schedule and drug testing condition impose an unrealistic burden on him.[2] I will therefore deny the instant motion without prejudice to defendant's renewing it. If he renews the motion, defendant should provide additional information on his financial situation and the burden the challenged conditions place upon him.

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 28) is **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin, this 11th day of September, 2007.

/s Lynn Adelman

_____

LYNN ADELMAN
District Judge

---

[1] To the extent that defendant wants me to dispense with the restitution obligation entirely, even if I had the ability to do so, see United States v. Dawson, 250 F.3d 1048, 1052 (7th Cir. 2001) (discussing the MVRA), I would deny the request. The victim bank should be paid back. See 18 U.S.C. § 3553(a)(7).

[2] It is my understanding that the probation office does not require defendants who are unable to pay to cover the costs of drug testing.